UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**PRINCIPAL LIFE INSURANCE COMPANY,**

        **Plaintiff,**

        v.

**DENISE M. HOWARD-KEMBITZKY,**
*et al.*,

        **Defendants.**

Civil Action 2:22-cv-3421
Magistrate Judge Chelsey M. Vascura

## OPINION AND ORDER

Plaintiff, Principal Life Insurance Company, commenced this action in interpleader against Defendants, Denise Howard-Kembitzky and Mindy Darby, two potential beneficiaries of a life insurance plan governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA"), to determine to whom life insurance benefits should be paid. This matter, in which the non-defaulting parties have consented to the jurisdiction of the Magistrate Judge under 28 U.S.C. § 636(c), is before the Court on Defendant Denise Howard-Kembitzky's Motion to Dismiss Mindy Darby and for Judgment in Denise's Favor (ECF No. 27) and Plaintiff Principal Life and Defendant Denise Howard-Kembitzky's Joint Motion for Default Judgment as to Mindy Darby (ECF No. 33). For the following reasons, both Motions are **DENIED**.

## I. BACKGROUND

Francis Joseph Kembitzky, III was employed by Towne Properties Asset Management Company, Inc. and participated in Towne Properties' employee welfare benefit plan (the "Plan"). The Plan is governed by ERISA and includes group life insurance benefits funded by Plaintiff Principal Life. (Compl. ¶ 7, ECF No. 1.) When Francis enrolled in the Plan on June 4, 2015, he designated his then-wife, Defendant Mindy Darby, as his life insurance beneficiary. (ECF No. 4-2.) Francis and Mindy divorced in 2017, and Francis married Defendant Denise Howard-Kembitzky in 2018. (Compl. ¶¶ 9–10.) Francis did not update his life insurance beneficiary before his death on August 4, 2021. (*Id.* ¶¶ 11–12.)

Denise made a claim to the life insurance proceeds on September 1, 2021. Because Mindy was listed on Francis's enrollment form, Principal Life did not pay the proceeds to Denise and sent several letters to Mindy asking her to contact Principal Life. She finally did so in March 2022, and made a claim for benefits on March 14, 2022. (*Id.* ¶¶ 13–19.)

Principal Life commenced this action in interpleader on September 15, 2022. (ECF No. 1.) Mindy did not answer the Complaint, and default was entered against her under Federal Rule of Civil Procedure 55(a) on January 9, 2023. (ECF No. 16.)

On January 3, 2023, Principal Life moved for leave to deposit the insurance proceeds with the Court and also moved for an award of attorney's fees incurred in bringing the action. (ECF No. 15.) Denise did not oppose the deposit with the court, but opposed the award of attorney's fees and also claimed entitlement to interest on the proceeds. (ECF No. 17.) Principal Life and Denise have since reached agreement that Denise would withdraw her claim for interest and Principal Life would withdraw its claim for attorney's fees, predicated on an order by the Court requiring Principal Life to pay Denise the $44,000 in life insurance proceeds and

2

discharging Principal Life from any further liability under the Plan. (*See* Stipulations, ECF Nos. 29, 31.)

On February 20, 2023, Denise filed a Motion to Dismiss Mindy Darby and for Judgment in Denise's Favor, arguing that Denise is entitled to the life insurance proceeds on various procedural and substantive grounds. (ECF No. 27.) On March 22, 2023, the undersigned held a conference with Principal Life and Denise and advised them that it was not the Court's opinion that Denise was entitled to the life insurance proceeds on the current record, and therefore the Court was unable to enter an order discharging Principal Life from further liability should it pay the proceeds to Denise. Counsel requested additional time to consult with their clients in light of this guidance. Principal Life and Denise's joint motion for default judgment against Mindy followed on April 6, 2023. (ECF No. 33.) The motion for default judgment relies primarily on Mindy's failure to timely file a claim for benefits after Francis's death and Mindy's subsequent default in this litigation. (*Id.*)

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 55 provides that "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and the failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Subsequently, unless a claim is for a sum certain or a sum that can be made certain by computation, plaintiff "must apply to the court for a default judgment." Fed. R. Civ. P. 55(b). "Even if a default has been entered against a party, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *Anderson v. Johnson*, No. 98-1931, 1999 WL 1023753, at * 2 (6th Cir. Nov. 4, 1999) (citing *Quirindongo Pacheco v. Rolon Morales*, 953 F.2d 15, 16 (1st Cir. 1992)). In considering a motion for default judgment, all "factual allegations of the complaint,

3

except those related to the amount of damages, will be taken as true." *Harris v. Cooley,* No. 1:17-CV-540, 2019 WL 1573260, at *1 (S.D. Ohio Apr. 11, 2019). If the defaulting party is found liable for the cause of action, that "does not resolve issues relating to damages." *Antione v. Atlas Tucker, Inc.* 66 F.3d 105, 111 (6th Cir. 1995). Under Federal Rule of Civil Procedure 55, if the amount of damages is unclear, "the court may conduct hearings or make referrals" in order to "determine the amount of damages." Fed. R. Civ. P. 55(b)(2).

### III. ANALYSIS

Principal Life and Denise have not demonstrated that default judgment against Mindy is warranted or that Denise is entitled to judgment in her favor. Courts determine the proper beneficiaries under plans governed by ERISA by looking first to the language of the plan. *See Union Sec. Ins. Co. v. Blakeley*, 636 F.3d 275, 276 (6th Cir. 2011) ("[I]f courts can identify a workable means of identifying beneficiaries in the plan document—whether it be in a general definition section or in the plan as a whole—they need look no further.") (internal citations omitted). Here, the Plan provides in pertinent part:

> A beneficiary should be named at the time a Member applies or enrolls under this Group Policy. A Member may name or later change a named beneficiary by sending a Written request to the Policyholder. A change will not be effective until recorded by the Policyholder.

(Group Policy for Towne Properties Asset Management Company, Inc., Part IV – Benefits, Section A, Article 3, ECF No. 1-1). The Plan further provides that "If a Member dies while insured for Member Life Insurance under this Group Policy, The Principal will pay his or her beneficiary the Scheduled Benefit . . . ." (*Id.* at Part IV – Benefits, Section A, Article 1).

Although Mindy is deemed to have admitted the well-pleaded allegations in the Complaint as a result of the entry of default against her, those allegations establish that Mindy was and remains the designated beneficiary for Francis's life insurance proceeds. Because the

4

Plan requires Principal Life to pay the life insurance proceeds to Francis's designated beneficiary, the Court is unable to conclude that the proceeds should be paid to Denise. The various procedural and substantive arguments advanced by Principal Life and Denise do not persuade the Court otherwise.

Although the parties contend in their Motion for Default Judgment that "[t]he group policy requires proof of claim be submitted within 90 days after the date of loss and provides that Principal Life may deny a claim for failure to submit proof of claim within the timeline provided under the group policy" (Mot. for Default J. 3, ECF No. 33), this is not fully accurate representation of the Plan. The Plan contains two relevant timing provisions:

- Written notice of claim "must be sent within 20 days after the date of the loss for which claim is being made" but that "[f]ailure to give notice within the time specified *will not invalidate or reduce any claim* if notice is given as soon as reasonably possible." (Group Policy for Towne Properties Asset Management Company, Inc., Part IV – Benefits, Section D, Article 1, ECF No. 1-1) (emphasis added).

- "Written proof of loss must be sent to [Principal Life] within 90 days after the date of the loss" and that "[Principal Life] may request additional information to substantiate loss or require a Signed unaltered authorization to obtain that information from the provider. Failure to comply with the request of [Principal Life] *could* result in declination of the claim." (*Id.*, Part IV – Benefits, Section D, Article 3) (emphasis added).

Thus, Mindy's claim is potentially subject to denial for untimeliness only if she "fail[e]d to comply with the request" of Principal Life for "additional information to substantiate loss" or to sign an "unaltered authorization to obtain that information from the provider." There is no indication in the record that Principal Life ever made such a request, let alone that Mindy failed to comply with one. Nor is there any indication that Principal Life has ever sought to deny Mindy's claim for untimeliness. These provisions therefore do not establish that judgment against Mindy is warranted.

5

The additional arguments advanced in Denise's Motion to Dismiss Mindy Darby and for Judgment in Denise's Favor likewise lack merit. Although Denise contends that "the beneficiary form purporting to name Mindy as beneficiary was not signed by the decedent, Mr. Kembitzky," (Mot. to Dismiss 4, ECF No. 27), this contention is unsupported by the record. The 2015 enrollment form naming Mindy as beneficiary appears to have been signed by "F. Kembitzky" and Denise does not provide any evidence or argument for that signature's invalidity. (*See* Enrollment Form, ECF No. 1-2.)

Moreover, Denise's contention that Francis completed an updated beneficiary designation form in 2020 when he became totally disabled and eligible for continued coverage under the Plan is unsupported by the record. Denise states only that she "expects discovery would reveal a subsequent beneficiary designation form naming Denise as primary beneficiary completed by Mr. Kembitzky during his application for coverage under the plan's total disability provision." (Mot. to Dismiss 4 n.1, ECF No. 27.) But on the current record, on which the parties have moved for judgment, the Court cannot credit this assertion.

Further, neither the Plan nor the Ohio Revised Code require Principal Life to deem Mindy to have predeceased Francis for purposes of determining his life insurance beneficiary. The Ohio statute relied upon by Denise, Ohio Revised Code § 5815.33, is preempted by ERISA. *See Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141, 143, 150 (2001) (indistinguishable Washington statute preempted by ERISA); *Kmatz v. Metro. Life Ins. Co.*, 232 F. App'x 451, 455 (6th Cir. 2007) (ERISA required payment of life insurance benefits to decedent's ex-wife, when decedent did not update his beneficiary following divorce, even in the face of § 5815.33). Denise also does not identify any provisions of the Plan that would deem Mindy to have predeceased Francis, and the Court is unable to locate any such provision.

Nor did Mindy contractually waive any claim to the life insurance proceeds in the terms of Mindy and Francis's divorce decree and separation agreement. In fact, the life insurance section of the form separation agreement used by Mindy and Francis was left blank. (Separation Agreement 5–6, ECF No. 1-4.) And although the separation agreement contains a general release clause that mutually releases Francis and Mindy from any claims they might have against each other, and waives all rights of inheritance and "all rights which would otherwise be available as a surviving spouse, except payments or rights included in this Agreement" (*id.* at 8), the United States Court of Appeals for the Sixth Circuit has held that a "broad waiver" that does not specifically refer to life insurance proceeds does not waive a spouse's interest as a decedent's beneficiary. *See McMillan v. Parrott*, 913 F.2d 310, 312 (6th Cir. 1990) ("The waiver provision in Barbara Parrott's divorce settlement, however emphatic, does not specifically refer to her interest as beneficiary of these ERISA plans."); *Metro. Life Ins. Co. v. Pressley*, 82 F.3d 126, 130 (6th Cir. 1996).

Finally, the fact that Denise is the sole remaining non-defaulting interpleader Defendant does not by itself entitle her to the life insurance proceeds. The Court is aware of caselaw holding to the contrary. *See*, *e.g.*, *New York Life Ins. Co. v. Baker*, No. 2:20-CV-2577, 2021 WL 640412, at *2 (S.D. Ohio Jan. 4, 2021); *Columbus Life Ins. Co. v. Walker-Macklin*, No. 1:15-CV-535, 2016 WL 4007092, at *2 (S.D. Ohio July 25, 2016), *report and recommendation adopted*, 2016 WL 4449570 (S.D. Ohio Aug. 24, 2016); *Usable Life Co. v. Gann*, No. 1:09-CV-77, 2009 WL 4348588, at *2 (E.D. Tenn. Nov. 24, 2009); *Aetna Life Ins. Co. v. Gablow*, No. 09-14049, 2010 WL 4024719, at *2 (E.D. Mich. Oct. 13, 2010).[1] However, none of these cases

---

[1] Plaintiff's reliance on *Metro. Life Ins. Co. v. Mowery*, No. 2:21-CV-168, 2022 WL 3369539 (S.D. Ohio Aug. 16, 2022) is misplaced. Although in that case, the undersigned ultimately awarded life insurance proceeds to the sole non-defaulting interpleader defendant, that award

7

undertake any analysis of the issue, and the supporting citations in each case ultimately trace back to an opinion by the United States Court of Appeals for the Fourth Circuit that made only a passing comment on the issue in *dicta*. *See Nationwide Mut. Fire Ins. Co. v. Eason*, 736 F.2d 130, 133 n.4 (4th Cir. 1984) (holding only that the district court did not err when it granted a bankruptcy trustee's motion to intervene in an interpleader action after all named interpleader defendants had default judgment entered against them). Yet numerous courts have relied on this case for the proposition that "if all but one named interpleader defendant defaulted, the remaining defendant would be entitled to the fund." *Id.*

But it is not clear to the undersigned why an otherwise invalid claim for life insurance proceeds should be transformed into a valid claim simply because those with a valid claim failed to respond in litigation. The Court, under ERISA, is charged with enforcing the Plan, and the Plan contains no provisions suggesting that participating in litigation is a condition precedent to receiving benefits to which a beneficiary is otherwise entitled. The undersigned therefore finds the non-binding authority suggesting that the last non-defaulting defendant is automatically entitled to the interpleader fund to be unpersuasive, at least in the context of ERISA-governed benefit plans.

In sum, even accepting the well-pleaded allegations as true, the Court finds that default judgment against Defendant Mindy Darby is not warranted. The Court is therefore unable to enter judgment in Defendant Denise Howard-Kembitzky's favor or enter an order discharging

---

was made based on the substantive provisions of the plan, after a default *judgment* was entered against the designated primary beneficiary. The award was not made simply because only one non-defaulting defendant remained. Further, there has been no default judgment entered against Mindy in this case.

8

Plaintiff Principal Life Insurance Company from further liability under the Plan after payment of the life insurance proceeds to Denise.

### IV. DISPOSITION

For the foregoing reasons, Defendant Denise Howard-Kembitzky's Motion to Dismiss Mindy Darby and for Judgment in Denise's Favor (ECF No. 27) and Plaintiff Principal Life and Defendant Denise Howard-Kembitzky's Joint Motion for Default Judgment as to Mindy Darby (ECF No. 33) are **DENIED**.

The Court is further in receipt of the parties' April 20, 2023 status report requesting a status conference in the event that the Court was not able to resolve all matters in controversy on the current record (ECF No. 35). The Court will set a status conference by separate notice.

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE